Nicklaus Misiti
Attorney for Plaintiff
Law Offices of Nicklaus Misiti
42 Catharine St
Poughkeepsie, NY
12601
P: 845 926 1177
F: 845 926 1178
E: misitiglobal@misitiglobal.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHRISTOPHER WILSON,** | |
| Plaintiff | |
| | COMPLAINT |
| -against- | |
| **KEVIN MCALEENAN**, Acting Secretary, Department of Homeland Security; and | |
| | Civ. No. 19-3330 |
| **L. FRANCIS CISSNA**, Director, U.S. Citizenship and Immigration Services; and | |
| **BARBARA VELARDE**, Chief, Administrative Appeals Office, | |
| Defendants. | |

Plaintiff, Christopher Wilson, through undersigned counsel, alleges as follows:

**INTRODUCTION**

1. This is an individual action for mandamus seeking to compel Defendants, Department of Homeland Security ("DHS") Acting Secretary Kevin McAleenan, US Citizenship and Immigration Services ("USCIS") Director L. Francis Cissna, Administrative Appeals Office ("AAO") Chief Barbara Velarde to assume jurisdiction over and timely adjudicate plaintiff's AAO appeal of his denied I-130 petition.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), the Administrative Procedures Act ("APA"); 8 U.S.C. § 1329, Immigration & Nationality Act ("INA"), and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty. Further this Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202.

3. Costs and attorney fees will be sought pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, and 28 U.S.C. § 2412(d), *et. seq.*

## VENUE

4. Venue is properly in this court pursuant to 28 U.S.C. §1391(e) as Plaintiff resides within the district under the jurisdiction of this court, the defendants are officers and employees of the United States of America and no real property is involved in this action.

## PARTIES

5. Plaintiff Christopher Wilson is a United States citizen. On March 01, 2019 he filed an appeal of his denied I-130 petition to the AAO. Despite properly and timely filing his appeal the AAO has without explanation refused to accept and adjudicate it.

6. Defendant Kevin McAleenan is the Acting Secretary of DHS, and this action is brought against her in her official capacity. She is generally charged with enforcement of the INA, and is further authorized to delegate such powers and authority to subordinate employees of DHS. More specifically, the Secretary is responsible for delegating authority in the adjudication of the appeal described above.

7. Defendant L. Francis Cissna is Director of USCIS, the agency charged with exercising appellate authority over the AAO. This action is brought against him in his official capacity.

8. Defendant Barbara Velarde is Chief of the AAO this is the agency tasked with adjudicating I-130 appeals such as plaintiffs.

## STATEMENT OF FACTS

### A. BACKGROUND

9. Plaintiff is a United States citizen.

10. On June 06, 2014 he filed Form I-130, Petition for alien relative with US Citizenship and Immigration Services ("I-130"). See **Exhibit A** - Plaintiff's I-130 Receipt Notice.

11. On or about August 29, 2018 plaintiff's I-130 application was denied. See **Exhibit B –** I-130 Denial.

12. The denial cited the Adam Walsh Child Protection and Safety Act of 2006 ("AWA"). *Id.* The AWA requires the petitioner for an I-130 application who was previously convicted of a "specified offense" involving a minor prove they "pose no risk" to the intended beneficiary. The denial stated plaintiff did not meet his burden of proving he "posed no risk" to his beneficiary spouse. *Id.*

13. Plaintiff timely filed Form I-290(b) Notice of Appeal with the AAO which was received by them on March 01, 2019. See **Exhibit C** –AAO Rejection Notice.

14. On or about March 06, 2019 plaintiff received a response rejecting his I-290(b) appeal. *Id.*

15. The rejection incorrectly claimed "Form I-290(b) may not be used to file an appeal for the application or petition type requested. Appeal must be filed on Form EOIR-29." *Id.*

4

16. Form EOIR-29 is used to file an appeal to the Board of Immigration Appeals ("BIA").  In a prior decision, the BIA ruled they <u>*do not*</u> have jurisdiction over AWA "no risk" determinations.  *Matter of Aceijas-Quiroz,* 26 I&N Dec. 294 (BIA 2014) ("we lack jurisdiction" over the no risk determination).

17.  Plaintiff has suffered irreparable harm in that his rights to due process and appeal have been denied and he further suffers immense harm as his family is in constant worry his wife will be detained by ICE and removed from the country.

## **AAO JURISDICTION AND DUTY TO REVIEW AWA "NO RISK DETERMINATIONS"**

18.  The AAO has appellate jurisdiction over AWA risk determinations.  *See* USCIS Policy Memorandum PM-602-0124, Initial Field Review of Appeals to the Administrative Appeals Office (Nov. 4, 2015) (acknowledging that "DHS maintains sole jurisdiction over AWA risk determinations in family-based immigrant visa proceedings.  As such, certification of an initial decision containing a risk determination under the AWA **must be directed to the AAO, not the BIA.";** *Matter of P-M-S,* ID# 10522 (AAO Mar 9, 2017) (involving an appeal to the AAO of an I-130 petition that had been denied based on an AWA risk determination.  See **Exhibit D** – USCIS Policy Memorandum.

5

19. Similarly, at the time of plaintiff's filing, the AAO's own website clearly stated the AAO has jurisdiction over "Adam Walsh Act risk determinations (may arise in several form types, such as forms I-129F and I-130)." (Attached as **Exhibit E**).

20. Moreover, the AAO has previously accepted jurisdiction and ruled on at least three (3) other I-130 petitions denied under the AWA "no risk" determination. *Matter of W-R-¸* ID# 15216 (AAO Feb 16, 2016); *Matter of P-M-S,* ID# 10522 (AAO Mar. 9, 2017); *Matter of unknown,* (AAO Aug 02, 2013) See **Exhibit F** – Prior AAO Decisions.

21. Further, the rejection notice falsely claims the appeal must be filed with the BIA via Form EOIR-29.  The BIA has previously ruled they have no jurisdiction over such claims. *See Matter of Aceijas-Quiroz,* 26 I&N Dec. 314 (BIA 2014) (holding that the BIA lacks jurisdiction to review a "no risk" determination by USCIS involving the AWA).

## CAUSES OF ACTION

### Cause 1: Writ of Mandamus

22. Plaintiff brings this action under the Mandamus Act, 28 U.S.C. §1361, which allows for a writ of mandamus to be issued if the plaintiff has

exhausted all other avenues of relief and the defendant owes him a clear, nondiscretionary duty. *Heckler v. Ringer,* 466 US 602, 616, (1984).

23.  In the instant case, Defendants have a clear, nondiscretionary duty to adjudicate cases before them in a timely manner.  Defendants own policy memo accepts they have such a duty to hear his appeal.  Likewise, their own  website at the time of his filing stated they have jurisdiction over appeals of this type.  Finally,  defendants have previously accepted jurisdiction and adjudicated decisions  on exactly the types of cases brought by plaintiff. They have provided no  explanation that plaintiff's case would be any different.

### Cause of Action 2: Administrative Procedures Act

24.  The APA states that a person who is suffering a legal wrong because of agency action, or who is adversely affected by agency action within the meaning of a relevant statute, is entitled to judicial review.  5 USC §702. "Agency Action" is defined to include "the whole or part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or *failure to act.*"  5 USC §551(13) (emphasis added).

25.  In rejecting plaintiff's AAO appeal defendants fail to act to adjudicate his appeal in violation of the APA. Moreover, plaintiff is adversely affected by this agency action because he suffers harm where his spouse is not

admitted to the US and his due process is violated in not timely adjudicating his appeal.

26. The reviewing court has the power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

**WHEREFORE,** the Plaintiff respectfully prays that defendants be cited to appear herein, and the Court:

A. Assume jurisdiction over his claim;

B. Compel the Defendants to accept jurisdiction of plaintiff's I-290B appeal and adjudicate said application in a timely manner;

C. Grant Plaintiff's reasonable attorney fees;

D. Grant Plaintiff such other relief at law and in equity as this Court deems just and proper.

Dated:04.12.2019

Respectfully submitted,
s/Nicklaus Misiti
Nicklaus Misiti
Attorney for Plaintiff
Law Offices of Nicklaus Misiti
42 Catharine St
Poughkeepsie, NY
12601
P: 845 926 1177
F: 845 926 1178
E: misitiglobal@misitiglobal.com

10